JOHN H. NEWHOUSE *vs.* ANTHONY HATCH.

Essex.    Nov. 6, 1878. — March 3, 1879.    ENDICOTT & LORD, JJ., absent.

A person distraining cattle doing damage on his land impounded them in the town pound and handed the keeper the following written memorandum, with his name and a date upon the paper: "Two dollars for damages and three dollars and fifty cents for fees." *Held*, that the memorandum was defective in not stating the cause of impounding, as required by the Gen. Sts. *c.* 25, § 27; and that such person was a trespasser *ab initio*.

TORT for the conversion of cattle.

At the trial in the Superior Court, before *Brigham*, C. J., there was evidence on the part of the plaintiff tending to prove the taking of the cattle by the defendant. The defendant, for the purpose of justifying his acts, introduced evidence tending to prove that the cattle were taken as damage feasant in his mowing field; that he drove them to the town pound and delivered them to the pound-keeper; and gave to the pound-keeper a written memorandum, with a date upon it, as follows: "Two

dollars for damages and three dollars and fifty cents for fees;" and that, at that time, he had furnished no subsistence to the cattle, and made no claim for daily charges of feeding, past and future. Whether or not the defendant's name was upon the paper was in dispute.

The plaintiff asked the judge to rule that this memorandum was insufficient in law; because it did not contain a statement of the sum demanded for the daily charges of feeding the cattle, and was not under the signature of the defendant. But the judge refused so to rule, and ruled that "the memorandum would have been sufficient in any written form of words containing the essentials of the sum of damages and costs demanded and cause of impounding."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*H. N. Shepard*, for the plaintiff.

*S. Lincoln, Jr.*, for the defendant.

GRAY, C. J. This is not a case of cattle found unlawfully at large in the highway and impounded for the purpose of preventing a nuisance and punishing the negligent owner. But the cattle were found doing damage on the defendant's land, and were impounded by him as a means of redress for his particular injury; and the statute required him to leave a memorandum under his hand with the pound-keeper, stating not merely his claim for damages and its amount, but the cause of impounding. Gen. Sts. *c.* 25, §§ 25 – 27. The memorandum in the present case was defective in this respect, and the defendant was therefore a trespasser *ab initio*. *Sherman* v. *Braman*, 13 Met. 407. *Merrick* v. *Work*, 10 Allen, 544.

*Exceptions sustained.*